1

2

3

4

5

6

7

8    **IN THE UNITED STATES DISTRICT COURT**

9    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MARK HUNGERFORD,                        No. CIV S-04-1455-LKK-CMK-P

12            Plaintiff,

13       vs.                                 <u>FINDINGS AND RECOMMENDATIONS</u>

14   HEROUX, et al.,

15            Defendants.

16   _____/

17            Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is defendant Heroux's motion to dismiss (Doc.

19   12).  Plaintiff filed an opposition (Doc. 13), and defendant Heroux filed a reply (Doc. 14).  Also

20   before the court is plaintiff's motion for injunctive relief (Doc. 20).

21

22                              **I.  BACKGROUND**

23            Plaintiff claims that defendant Heroux, a vocational program instructor, gave an

24   electric dog collar to inmate Humphries to repair.  According to plaintiff, inmate Humphries was

25   his cellmate.  Plaintiff states that inmate Humphries snuck up behind him and shocked plaintiff

26   with the dog collar.  Plaintiff claims that he suffered extreme pain as a result of the shock.

## II.  APPLICABLE STANDARDS

### A.     Motion to Dismiss

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In considering a motion to dismiss under this standard, the court must accept all allegations of material fact as true and must construe them in the light most favorable to the plaintiff.  See Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); see also Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

To determine whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily lies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), except prison regulations, see Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

Finally, leave to amend a deficient complaint must be granted ". . . [u]nless it is absolutely clear that no amendment can cure the defects."  See Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th

1    Cir. 2000) (en banc).

2          **B.      Motion for Injunctive Relief**

3                 The legal principles applicable to requests for injunctive relief, such as a

4    temporary restraining order or preliminary injunction, are well established.  To prevail, the

5    moving party must show either a likelihood of success on the merits and the possibility of

6    irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in

7    the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir.

8    1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The

9    two formulations represent two points on a sliding scale with the focal point being the degree of

10   irreparable injury shown.  See Oakland Tribune, 762 F.2d at 1376.  Under any formulation of the

11   test, however, the moving party must demonstrate that there exists a significant threat of

12   irreparable injury.  See id.  In the absence of a significant showing of possible irreparable harm,

13   the court need not reach the issue of likelihood of success on the merits.  See id.  The loss of

14   money, or an injury whose measure of damages can be calculated in terms of money, will not be

15   considered irreparable.  See id. at 1334-35.

16                The standard for a temporary restraining order is essentially the same.  The

17   purpose in issuing a temporary restraining order is to preserve the status quo pending a more

18   complete hearing.  The cases contain limited discussion of the standards for issuing a temporary

19   restraining order due to the fact that very few such orders can be appealed prior to the hearing on

20   a preliminary injunction.  It is apparent however, that requests for temporary restraining orders

21   are governed by the same general standards that govern the issuance of a preliminary injunction.

22   See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist,

23   J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir.

24   1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368

25   (S.D.N.Y. 1990).  In many cases the emphasis of the court is directed to irreparable harm and the

26   balance of hardships because the merits of a controversy are often difficult to ascertain and

3

1    adjudicate on short notice.

2         Eastern District of California Local Rules impose additional requirements for a

3    motion for a temporary restraining order.  First, the court will consider whether the moving party

4    could have sought relief by a noticed motion for a preliminary injunctive at an earlier date

5    without the necessity of seeking last-minute relief by motion for a temporary restraining order.

6    See Local Rule 65-231(b).  Second, the moving party must provide specific documents to the

7    court in support of the requested temporary restraining order.  See Local Rule 65-231(c).

8         Finally, in cases brought by prisoners involving conditions of confinement, any

9    temporary restraining order or preliminary injunction must be narrowly drawn, extend no further

10   than necessary to correct the harm the court finds requires preliminary relief, and be the least

11   intrusive means necessary to correct the harm.  See 18 U.S.C. § 3626(a)(2).

12

13                              **III.  DISCUSSION**

14        Before addressing the pending motions, the court revisits its January 12, 2005,

15   order which determined that this action was appropriate for service on defendant Heroux.  At

16   footnote 1 of the order, the court stated: "Plaintiff failed to clearly connect named defendants

17   Knowles and Lattimore with the alleged denial of his rights and named defendant Glover as

18   deceased."  As to defendants Knowles and Lattimore, however, plaintiff was not given leave to

19   amend to allege an adequate causal link.  To state a claim under 42 U.S.C. § 1983, the plaintiff

20   must allege an actual connection or link between the actions of the defendants and the alleged

21   deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423

22   U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within

23   the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts, or

24   omits to perform an act which he is legally required to do that causes the deprivation of which

25   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

26   conclusory allegations concerning the involvement of official personnel in civil rights violations

                                        4

1   are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the

2   plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged

3   constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

4           Because it is possible that the deficiency as to defendants Knowles and Lattimore

5   may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal

6   of the action as against these defendants.  The court will, however, recommend dismissal of the

7   action as against defendant Glover, who is deceased.

8           **A.     Defendant's Motion to Dismiss**

9           In her motion to dismiss, defendant Heroux argues, in essence, that plaintiff has

10  not alleged sufficient facts to demonstrate a causal link to a constitutional deprivation.

11  Specifically, defendant Heroux asserts that she cannot be held responsible for the "independent,

12  intervening act" of inmate Humphries.  In response, plaintiff asserts new facts, apparently for the

13  first time.  Specifically, and as characterized by defendant Heroux, plaintiff's new allegations are

14  that "[i]nmate Humphries took an anti-depressant, was in the mental health system, and had

15  violent outbursts."  Plaintiff also asserts that defendant Heroux knew about inmate Humphries'

16  problems because he complained to her about them.

17          Defendant Heroux contends in her reply that "[p]laintiff may not correct the

18  deficiencies in his Complaint to opposing a Defendant's Motion to Dismiss."  It is true that

19  defendant Heroux's motion challenges the sufficiency of the complaint, and that new factual

20  allegations set forth in opposition do not result in an amendment to the actual complaint.

21  Therefore, looking solely at the complaint whose sufficiency is being challenged, plaintiff has

22  not stated a causal link to defendant Heroux, and the motion to dismiss should be granted.

23          This is not to say, however, that it is absolutely clear that no amendment can cure

24  this defect.  In light of the factual allegations asserted by plaintiff in response to defendant

25  Heroux's motion, it appears that there may be facts to support the claim.  Specifically, plaintiff

26  now asserts that defendant Heroux knew about inmate Humphries' problems.  The reasonable

1   inference to be drawn from this allegation is that defendant Heroux should have known about the

2   safety risk posed to plaintiff by giving inmate Humphries the shock collar.  Therefore, plaintiff

3   should be given an opportunity to amend the complaint to include these factual allegations.

4           **B.      <u>Plaintiff's Motion for Injunctive Relief</u>**

5           In his motion, plaintiff states that he seeks a temporary restraining order and

6   preliminary injunction prohibiting "defendants, their successors in office, agents and employees,

7   and all other persons acting in concert and participation" with them from engaging in retaliatory

8   conduct against plaintiff.  Specifically, plaintiff seeks an order enjoining transfer to another

9   prison.  To the extent plaintiff seeks injunctive relief against individuals who are not named as

10  defendants to this action, the request must be denied.  This court is unable to issue an order

11  against individuals who are not parties to a suit pending before it.  <u>See</u> <u>Zenith Radio Corp. v.</u>

12  <u>Hazeltine Research, Inc.</u>, 395 U.S. 100, 112 (1969).

13          To the extent plaintiff seeks relief against named defendants, plaintiff has not

14  demonstrated the threat of irreparable injury.  Plaintiff states that, if he is transferred, his ability

15  to pursue state court litigation will be hampered.  He does not, however, state how.  Moreover,

16  even if plaintiff is transferred and his access to the courts is hampered, any resulting injury is not

17  irreparable given that plaintiff would have recourse in the courts.  Finally, plaintiff has not

18  demonstrated a likelihood of success on the merits of this action, or that there are serious

19  questions going to the merits.  For these additional reasons, the request for injunctive relief

20  should be denied.[1]

21  / / /

22  / / /

23  / / /

24

_____

25          [1]     Plaintiff's request for a hearing on his motion for injunctive relief (Doc. 21), and
    request to amend his motion for injunctive relief (Doc. 22), will be moot if this recommendation
26  is adopted.

1    Based on the foregoing, the undersigned recommends that:

2    1.    Plaintiff's motion for injunctive relief be denied;

3    2.    Plaintiff's requests for a hearing (Doc. 21), and request to amend his

4    motion for injunctive relief (Doc. 22), be denied as moot;

5    3.    Defendant Glover, who is deceased, be dismissed from the action;

6    4.    Defendant Heroux's motion to dismiss be granted;

7    5.    The complaint be dismissed, with leave to amend; and

8    6.    Plaintiff be directed to file an amended complaint.

9    These findings and recommendations are submitted to the United States District

10   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

11   after being served with these findings and recommendations, any party may file written

12   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

13   Findings and Recommendations."  Failure to file objections within the specified time may waive

14   the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15

16   DATED:   November 8, 2005.

17

18                                          CRAIG M. KELLISON
19                                          UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26