IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK HUNGERFORD,                              No. CIV S-04-1455-LKK-CMK-P

       Plaintiff,

   vs.                                                      FINDINGS AND RECOMMENDATIONS

HEROUX, et al.,

       Defendants.

                                 /

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On March 21, 2006, the court dismissed plaintiff's complaint and directed plaintiff to file a first amended complaint within 30 days. Plaintiff was warned that failure to file an amended complaint may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. On April 20, 2006, plaintiff was granted a 60-day extension of time to file an amended complaint. On June 27, 2006, plaintiff was granted a second 60-day extension. To date, plaintiff has not filed a first amended complaint as directed.

       The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's

1

1  interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
2  the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
3  their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
4  46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
5  appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
6  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
7  appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
8  1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
9  comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,
10 1260-61 (9th Cir. 1992).
11          Having considered these factors, and in light of plaintiff's failure to file an
12 amended complaint as directed, the court finds that dismissal of this action is appropriate.
13          Based on the foregoing, the undersigned recommends that this action be
14 dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and
15 orders.
16          These findings and recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
18 after being served with these findings and recommendations, any party may file written
19 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
20 Findings and Recommendations."  Failure to file objections within the specified time may waive
21 the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
22 DATED:  September 28, 2006.

24  CRAIG M. KELLISON
    UNITED STATES MAGISTRATE JUDGE